IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDRE FERGUSON (#2014-0914065), )
)
Plaintiff, )
)
v. ) Case No: 15 C 3389
)
OFFICER WESTBROOK, et al., )
)
Defendants. )

## MEMORANDUM ORDER

There is no question that prisoner plaintiff Andre Ferguson ("Ferguson") qualifies as a frequent filer. When this, his most recent action, was automatically assigned to this Court's calendar by operation of LR 40.3(b)(1)(B), it quickly looked into his litigation background and found what it described in these terms at page 2 of its brief May 1, 2015 memorandum opinion and order ("Opinion"):

> Then, when this Court received the input from that staff attorney, it immediately noted that Ferguson had filed only his Complaint (and just the original, with no Judge's copy, at that) without the accompaniment of an In Forma Pauperis Application ("Application") coupled with the added information called for by 28 U.S.C. § 1915(a) and without the obviously less likely alternative: payment of the $400 filing fee in advance.
>
> But Ferguson surely knows better than to submit a proposed complaint without addressing the subject of the filing fee. This District Court's records show that he has filed no fewer than 14 complaints here:[1] two in 2002, three in 2004, one each in 2005 and 2006, two in 2008, one each in 2013 and 2014 and two beside this one in 2015. There is no question that Ferguson was and is well aware of the statutory provisions of 28 U.S.C. § 1915(a) and (b) that allow prisoner plaintiffs to pay a full filing fee ($350 in that situation) in installments -- yet in this case he has done nothing at all toward fulfilling that statutory obligation or, alternatively, paying the $400 filing fee in cash.

_____
[1] That count leaves aside Ferguson's Social Security case filed back in 2012.

As the Opinion then went on to say, Ferguson regrettably also qualifies as the ultimate deadbeat filer -- he has never made good on his remaining obligation from his two 2002 lawsuits to pay an aggregate of $300 that he owes in filing fees. If he had applied even $2 monthly toward that obligation, it would have been fully satisfied by now.

At the conclusion of the Opinion, which ordered dismissal of this action based on Ferguson's "continued failure to clean the slate," this Court drew Ferguson's attention to the opportunity to invoke Fed. R. Civ. P. 59(e) if he had in fact paid the $300 obligation.[1] But Ferguson has done nothing other than to tender an In Forma Pauperis Application ("Application") filled out on a Clerk's-Office-supplied form. But that does not cure (or even take a step toward curing) his delinquencies. In sum, the Application is denied and this action remains dismissed.[2] If in future Ferguson were to be subjected to a more grievous violation of his rights, this Court might well take a fresh a look at such a new claim.[3]

                                                        _____
                                                        Milton I. Shadur
                                                        Senior United States District Judge

Date: June 2, 2015

---

[1] Although that was the only possibility mentioned in the Opinion, if experienced litigator Ferguson had offered any other reasonable explanation this Court would have considered the matter.

[2] This Court of course holds no brief for misconduct on the part of public officials at any level, but it must be said that the substantive charges in Ferguson's most recent Complaint scarcely call for disregarding his own noncompliance with the requirements of law.

[3] In that respect it is noteworthy that even the "three strike" provision of 28 U.S.C. § 1915(g) allows a prisoner plaintiff to proceed with a new action if "the prisoner is under imminent danger of serious physical injury."